[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

No. 09-15237
Non-Argument Calendar

_____

Agency Nos. A073-048-445
A073-048-444

DEEPAK PRATAPRAI TOTLANI,
HEENA DEEPAK TOTLANI,
MANSI DEEPAK TOTLANI,
CHANDNI DEEPAK TOTLANI,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 27, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Deepak Prataprai Totlani and his family, natives and citizens of India, petition this Court to review the decision of the Board of Immigration Appeals that denied Totlani's motion to reopen. In the motion, Totlani and his family sought cancellation of removal and adjustment of status. The Board found that the Totlanis' failure either to withdraw their request for voluntary departure or move to reopen before their 60-day departure period expired made them ineligible for the relief they sought. See 8 U.S.C. § 1229c(d)(1)(B). We deny the petition.

Totlani presents three arguments, but we lack jurisdiction to consider two of those arguments. Totlani argues that the order to depart voluntarily was withdrawn automatically because his family failed to post a departure bond, which entitled the family to 90 days instead of 60 days to move to reopen. Totlani also argues that his family received three additional days to depart voluntarily because the Board mailed its decision, and his family timely withdrew their request to depart voluntarily within that enlarged period. Totlani did not present these two arguments to the Board, and "absent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003)). Alternatively, we

2

also agree with the government that these arguments are meritless.

Totlani argues the Board abused its discretion when it denied as untimely Totlani's motion to reopen based on ineffective assistance of counsel, but we disagree. An alien may file one motion to reopen, and that motion must be filed within 90 days of the order of removal. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Totlani challenged the effectiveness of counsel in his "Rebuttal Brief and Supplement," not in his motion to reopen. The brief, which was filed several months after the limitation period expired, also contained no explanation for Totlani's delay in pursuing his claim of ineffectiveness. Totlani now argues that he omitted the claim from his motion because of "changes in relevant case law," but we will not consider his argument for the first time on appeal. See Amaya-Artunduaga, 463 F.3d at 1250. The Board did not abuse its discretion when it determined that the claim of ineffective assistance was "a new, separate, and distinct basis for reopening." Totlani's motion was untimely and did not warrant equitable tolling of the limitation period. See Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005); see also Anin v. Reno, 188 F.3d 1273, 1278–79 (11th Cir. 1999).

Totlani's petition for review is **DENIED**.